UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SONJA M. OVERALL individually and as personal representative of the Estate of Eric Brian Overall,<br>Plaintiff,<br>v.<br>OAKLAND COUNTY, *et al.*,<br>Defendants.<br>_____/ | Case No.: 20-12869<br><br>Sean F. Cox<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

## ORDER GRANTING IN PART DEFENDANT OAKLAND COUNTY'S MOTION TO STRIKE (ECF No. 28) AND STRIKING PLAINTIFF'S MOTION TO SEAL (ECF No. 27)

**I.    Background**

Plaintiff Sonja Overall, individually and as representative of the Estate of Eric Brian Overall ("Plaintiff"), brings this action pursuant to 42 U.S.C. § 1983 for the death of her husband, Eric Overall, while acting in his capacity as an Oakland County Sheriff's Deputy.  (ECF No. 1).  On May 26, 2021, Plaintiff filed a motion for protective Order and a sealed motion for leave to file the brief on the motion for protective order under seal against defendant Oakland County.  (ECF Nos. 26, 27).

In the motion for protective order, Plaintiff seeks a court order preventing Oakland County from deposing police officer Jerry Niedjelski and to quash a

subpoena for Mr. Niedjelski's telephone records. Plaintiff argues Mr. Niedjelski does not have information relevant to this case. (ECF No. 26). The brief in support of the motion was not attached. Instead, Plaintiff moved to file the brief under seal in her *sealed* motion for leave to file under seal. In support of her motion to seal, she explains the brief in support of the motion for protective order includes a paragraph containing sensitive information regarding Mr. Neidjelski. Therefore, she seeks to have the brief sealed. (ECF No. 27).

In response, Oakland County filed a motion to strike the motion for leave to file under seal and a response to the motion for protective order. (ECF Nos. 28, 32). Oakland County argues Plaintiff's motion for protective should be stricken because it is not accompanied by a brief in accordance with Local Rule 7.1 and the motion to seal should be stricken because it does not comply with Local Rule 5.3 regarding filing documents under seal. (EC No. 28).

These motions were referred to the undersigned. (ECF No. 30).

## II. Discussion

Plaintiff's motion for leave to file the brief under seal is governed by Local Rule 5.3(b), Sealing Items Not Authorized by Statute or Rule. This rule provides items "may not be sealed except by court order." Further, "[a]ny motion to file under seal *must* contain" the components set forth therein. Rule 5.3(b)(3)(a) (emphasis added). The rule also mandates that the party files a motion "that is

2

narrowly tailored," and that the "Court may grant a motion to seal *only* upon a finding of a compelling reason why certain documents or portions thereof should be sealed." E.D. Mich. LR 5.3(b) (emphasis added); *see also Konica Minolta Business Solutions, U.S.A., Inc. v. Lowery Corp.*, 2018 WL 3722800 (E.D. Mich. Aug. 6, 2018) (Discussing the rule as amended).

One requirement of the rule is that a redacted version of the document to be sealed—the brief in this case—be filed as an exhibit to the motion. An unredacted version must also be filed as an exhibit and may be filed under seal for the limited purpose of resolving the motion to seal. Further, "[i]f the Court has not ruled on the sealing motion by the time the underlying filing must be made . . . , said filing shall have redactions matching those submitted" in accordance with the rule. E.D. Mich. LR 5.3((b)(3)(A)-(B). The rule does not allow the entire motion to seal and redacted and unredacted documents to be filed under seal.

Finally, Local Rule 7.1(d) requires a motion to be accompanied by a brief. Plaintiff's motion for protective order filed without a redacted brief and sealed motion for leave to file under seal do not comply with the local rules.

Plaintiff's argument that her failure to comply with Rule 5.3 should be disregarded as excusable neglect is not well-taken. "Unlike information merely exchanged between the parties, '[t]he public has a strong interest in

obtaining the information contained in the court record.'" *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983)).  Currently, neither the public nor the other parties have access to all the appropriate portions of the court record, including the bulk of the arguments in support of a protective order.

Accordingly, Oakland County's motion to strike is **GRANTED IN PART**. Plaintiff's sealed motion for leave to filed under seal (ECF No. 27) is **STRICKEN** as improperly filed without prejudice to Plaintiff's right to renew the motion in full compliance with Rule 5.3.  The Court will not strike the motion for protective order for failure to attach a brief.  Plaintiff is **ORDERED** to file a redacted version of the brief in support of a protective order and a motion to seal the brief, as outlined in Rule 5.3, **within 7 days** of this Order.  Oakland County will have 7 days from service of the redacted brief to file an amended response to the motion for protective order, if it so chooses.

The Court will rule on Oakland County's motion to compel executed authorizations (ECF No. 24) and Plaintiff's motion for protective order (ECF No. 26) in due course.

**IT IS SO ORDERED**.

The parties to this action may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in

4

Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

Date: June 28, 2021

s/Curtis Ivy, Jr.
Curtis Ivy, Jr.
United States Magistrate Judge

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 28, 2021, by electronic means and/or ordinary mail.

s/Kristen MacKay
Case Manager
(810) 341-7850