UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SONJA M. OVERALL
individually and as personal
representative of the Estate of Eric
Brian Overall,
                              Plaintiff,

v.

OAKLAND COUNTY, *et al.*,
                              Defendants.
_____/

Case No.: 20-12869

Sean F. Cox
United States District Judge

Curtis Ivy, Jr.
United States Magistrate Judge

**ORDER GRANTING IN PART OAKLAND COUNTY'S MOTION TO
COMPEL (ECF No. 24) AND DENYING PLAINTIFF'S MOTION FOR
<u>PROTECTIVE ORDER (ECF No. 26)</u>**

Plaintiff Sonja Overall ("Plaintiff"), individually and as representative of the

Estate of Eric Brian Overall, brings this action pursuant to 42 U.S.C. § 1983 for the

November 2017 death of her husband, Eric Overall, while acting in his capacity as

an Oakland County Sheriff's Deputy.  (ECF No. 1).  Before the Court are

defendant Oakland County's motion to compel executed authorization (ECF No.

24) and Plaintiff's motion for protective order (ECF No. 26).  The Court heard

argument on the motions on September 27, 2021.  The matter is now ready for

determination.

A.      <u>General Principles</u>

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26. Information within this scope of discovery need not be admissible in evidence to be discoverable. *Id.* "Although a [party] should not be denied access to information necessary to establish her claim, neither may a [party] be permitted to 'go fishing,' and a trial court retains discretion to determine that a discovery request is too broad and oppressive." *Superior Prod. P'ship v. Gordon Auto Body Parts Co.*, 784 F.3d 311, 320-21 (6th Cir. 2015) (citing *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007)). A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. Fed. R. Civ. P. 37.

B.    Defendant's Motion to Compel (ECF No. 24)

Plaintiff claims damages for loss of society, companionship, love, affection, and support at the death of her husband. Defendant Oakland County seeks to obtain discovery regarding the claimed damages by requesting Plaintiff execute authorizations for the release of her records from her employer, University of

Michigan; her social worker, Debra Hanselman; and her psychiatrist, Dr. Kim. (ECF No. 24, PageID.344-45).  Plaintiff argues her employment regards are not relevant and her mental health records are privileged.  (ECF No. 29).

Oakland County also sought authorizations for records from Workers' Compensation, the IRS, York Risk Services Group, Inc., Blue Cross Blue Shield of Michigan, ASR Health Benefits, and Oakland County Sheriff's Office regarding the Estate's claims of noneconomic and economic damages.  In the response brief, Plaintiff indicated she has provided these authorizations to Oakland County.  These records are no longer in issue.

1.    Employment Records

Oakland County maintains Plaintiff's employment records are relevant because they will provide information "regarding the manifestation of Plaintiff's alleged injuries/damages."  (ECF No. 24, PageID.341).  The county asserts there may be records noting absences for marriage counseling or other notations regarding Plaintiff's marriage to Deputy Overall.  Oakland County's position is there is reason to believe the relationship between Plaintiff and Mr. Overall was perhaps not a strong one diminishing her claim for loss of society, companionship, and the like.  It asserted Mr. Overall's son testified at deposition that Mr. Overall and Plaintiff attended counseling and had marital problems.

Plaintiff contends her employment records are irrelevant because she is not seeking lost wages and, pursuant to Michigan's Wrongful Death Act, M.C.L. § 600.2922, "damages are fixed" as of the date of the death.  (ECF No. 29, PageID.432) (citing *Wood v. Detroit Edison, Co.*, 409 Mich. 279, 286-87 (Mich. 1980)).  Oakland County limited its request for authorization for employment records: it is not seeking information relevant to lost wages, but only information relevant to Plaintiff's and decedent's relationship.

Evidence regarding loss of society or companionship is relevant if it bears on the question of the quality of relationship Plaintiff and Mr. Overall had prior to his death.  As explained by the Michigan Court of Appeals, a claim for loss of society and companionship "addresses compensation for the destruction of family relationships that results when one family member dies.  The only reasonable means of measuring the actual destruction caused is to assess the type of relationship the decedent had with the claimant in terms of objective behavior as indicated by the time and activity shared and the overall characteristics of the relationship."  *McTaggart v. Lindsey*, 509 N.W.2d 881, 883–84 (Mich. Ct. App. 1993) (internal citations omitted).  Evidence of relationships Plaintiff has *after* the death of her husband is irrelevant.  *Wood v. Detroit Edison Co.*, 294 N.W.2d 571, 573 (Mich. 1980).

4

Because evidence of the quality of relationship shared between Plaintiff and Mr. Overall is relevant to the claims in this case, Oakland County is entitled to employment records containing notations about their relationship.  As a practical matter, there is nothing before the Court which suggests even if Plaintiff scheduled an absence from work, her employment records would reflect it was related to marriage counseling.  Still, Oakland County is entitled to the records, if they exist.

2.    Mental Health Records

Oakland County seeks an authorization for these records arguing they are relevant because they may contain information provided by Plaintiff regarding her marriage to Mr. Overall.  Plaintiff's argument against signing authorizations for her mental health records is those records are protected by the psychotherapist-patient privilege.  (ECF No. 29, PageID.433-34).  In reply, Oakland County argues the records are discoverable because they likely contain relevant information and Plaintiff's reliance on the privilege is misplaced because the privilege does not apply in § 1983 cases with pendent state law claims such as this case.  (ECF No. 31, PageID.442-43) (citing *Hancock v. Dodson*, 958 F.2d 1367, 1373 (6th Cir. 1992) (where federal privilege law applies, there is no physician-patient privilege).

Plaintiff's reliance on the psychotherapist-patient privilege is not misplaced. While a *physician-patient* privilege might not exist in the federal common law, a *psychotherapist-patient* privilege does.  *Simon v. Cook*, 261 F. App'x 873, 886 (6th

5

Cir. 2008) ("The Supreme Court has recognized a federal-common-law psychotherapist-patient privilege[.] . . ."). This privilege applies to "confidential communications between a licensed psychotherapist and her patients in the course of diagnosis or treatment" and extends to psychologists and social workers. *Jaffee v. Redmond*, 518 U.S. 1, 15 (1996). The privilege protects such communications from compelled disclosure pursuant to Federal Rule of Evidence 501. *Id.* at 15-16. However, "placing one's mental health at issue constitutes waiver of the privilege." *Simon*, 261 F. App'x at 886 (citation omitted). This can occur, for example, where the plaintiff alleges emotional distress. *Id.*

Plaintiff Sonja Overall alleges entitlement to damages for loss of society and companionship, not mental anguish or emotional distress. (ECF No. 3, PageID.138-39). Oakland County has not cited any authority for the proposition that a claim for loss of society waives the psychotherapist-patient privilege. Plaintiff asserts even if the complaint could be read to include a claim for emotional damages, it is only the "garden variety" emotional damages, which do not waive the privilege.

The Sixth Circuit has not defined "garden variety" emotional damages. Drawing a line between damages that do and do not waive the privilege is not clear cut. *See Kubik v. Central Mich. Univ. Board of Trustees*, 2016 WL 9631633, at *3-5 (E.D. Mich. Mar. 17, 2016) (collecting cases and discussing meaning of

"garden variety" emotional damages). One court found a plaintiff does not waive the psychotherapist-patient privilege where she "merely alleges 'garden-variety' emotional distress and neither alleges a separate tort for the distress, any specific psychiatric injury or disorder, or unusually severe distress, that plaintiff has not placed his/her mental condition at issue to justify a waiver of the psychotherapist-patient privilege." *Salser v. Dyncorp Int'l, Inc.*, 2014 WL 7139886, at *2 (E.D. Mich. Dec. 12, 2014) (quotation and citation omitted). Another found a party seeks more than garden variety damages where the "primary damages claims are for emotional harm caused by the incident." *Kuslick v. Roszczewski*, 2012 WL 899355, at *4 (E.D. Mich. Mar. 16, 2012).

Several courts which have passed upon similar issues concluded a claim for damages for loss of consortium (similar to loss of society and companionship) waives the therapist-patient privilege. *See Cherry v. Macon Hospital, Inc.*, 2013 WL 12309670, at *5 (M.D. Tenn. July 17, 2013); *Engert v. Stanislaus County*, 2014 WL 5217301 (E.D. Cal. Oct. 14, 2014) (finding mental health records relevant to claim of loss of companionship, but limiting the scope of records). For example, in *Prescott v. County of Stanislaus*, 2011 WL 6130820 (E.D. Cal. Dec. 8, 2011), the plaintiff (the surviving wife) sought damages for loss of society and companionship, but argued that her claim was for "garden variety" damages and thus she did not waive the therapist-patient privilege. Disagreeing with the

7

plaintiff, the court granted the motion to compel, but the court ordered the therapist to produce only those records that bear on the plaintiff's relationship with the decedent.

The Court finds these cases persuasive.  Plaintiff's relationship with her husband is in issue.  Her mental health records could conceivably have information relevant to the claim for damages.  Plaintiff must therefore execute an authorization for the release of her records from her social worker, Debra Hanselman, and her psychiatrist, Dr. Kim **within 7 days of this order**.

However, Plaintiff's mental health treaters need only provide records containing information about Plaintiff's and Mr. Overall's relationship.

      3.     Request for protective order in response brief

In her response brief, Plaintiff requested the Court enter a protective order against the discovery at issue in Oakland County's motion to compel.  (ECF No. 29, pageID.434-36).  The Court will not entertain such a request as Plaintiff did not file a separate motion seeking this particular protective order.  Pursuant to this Court's Electronic Filing Policies and Procedures Rule 6(f), a counter-motion must not be combined with a response.  In this instance, the Court will not strike the request for protective order, but any future violations of this rule will be stricken.

C.    <u>Plaintiff's Motion for Protective Order and Motion to Quash</u>

Plaintiff brings this motion for protective order and to quash in response to defendant Oakland County's notice of taking Mr. Niedjelski's deposition (which was scheduled for June 1, 2021) and third-party subpoena for his telephone records from January 1, 2018 to April 30, 2018.  (ECF No. 26).  As the telephone records have already been produced by the third party, Plaintiff agrees her motion for the protective order as it relates to those records is now moot.  *See Zamler v. Ashton Technologies, Inc.*, 2016 WL 193382, at *2 (E.D. Mich. Jan. 15, 2016) (once records are produced by third party, the motion for protective order is moot).

In Plaintiff's view, Oakland County seeks Niedjelski's deposition to obtain evidence of a dating relationship between them, but such evidence would be inadmissible pursuant to *Wood v. Detroit Edison Co.*, 294 N.W.2d 571 (Mich. 1980), because evidence of a subsequent relationship is irrelevant.  (ECF No. 38, PageID.573-74).  Oakland County asserts Mr. Niedjelski's testimony is relevant because he will be able to provide information regarding Plaintiff's marriage to Mr. Overall and Plaintiff does not have standing to quash the subpoena.  (ECF No. 42).

The motion to quash is **DENIED**.  "[A] party has no standing to seek to quash a subpoena issued to someone who is not a party to the action unless the party claims some personal right or privilege with regard to the documents sought."  *Mann v. Univ. of Cincinnati*, 114 F.3d 118 (Table), at *4 (6th Cir. May

9

27, 1997) (quoting 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2459 (2d ed. 1995)); *State Farm Mut. Auto. Ins. Co. v. Angelo*, 2020 WL 9437463, at *1 (E.D. Mich. Oct. 30, 2020). Plaintiff does not claim privilege and thus has no standing to contest the notice for Mr. Niedjleski's deposition.

A protective order, however, is available to *"a party* or by the person from whom discovery is sought." Fed. R. Civ. P. 26(c) (emphasis added). The explicit mention of "a party" in the rule has been interpreted to provide standing for a party to contest discovery sought from third parties. *See Fleet Bus. Credit Corp. v. Hill City Oil Co., Inc.*, 2002 WL 1483879, *2 (W.D. Tenn. Jun.26, 2002) ("Many district courts have acknowledged this aspect of the rule which allows a party to file a motion for protective order on behalf of a non-party"); *see also Schweinfurth v. Motorola, Inc.*, 2008 WL 4981380, at *2 (N.D. Ohio Nov. 19, 2008) ("[C]ourts within the Sixth Circuit have interpreted [Rule 26(c) ] to permit 'a party' . . . to seek a protective order [on a third-party's behalf]."). The Court will, therefore, consider Plaintiff's motion to the extent it seeks a protective order under Federal Rule of Civil Procedure 26(c). Rule 26(c) allows the Court to issue a protective order for good cause shown to protect a party from annoyance, embarrassment, oppression, or undue burden or expense.

As discussed above, evidence regarding Plaintiff's relationship with Mr. Niedjelski is not relevant to this case, but evidence regarding her relationship with Mr. Overall is.  Plaintiff asserts that deposing Mr. Niedjelski would cause him embarrassment and annoyance and would put him and Plaintiff in an awkward position.  Neither of these constitute good cause to prohibit Niedjelski's deposition. The Court does not find any great embarrassment or annoyance he will suffer, apart from the general disruption a deposition has of one's calendar, nor does the Court perceive any undue burden Mr. Niedjelski will face.  His testimony regarding any discussions with Plaintiff about her marriage to Mr. Overall is relevant to this case.[1]  The motion for protective order is **DENIED**.  Oakland County indicates it did not serve a subpoena and notice to appear at a deposition to Mr. Niedjelski.  As it appears Mr. Niedjelski opposes sitting for a deposition, Oakland County must properly serve him with the appropriate documents.

**IT IS SO ORDERED**.

The parties to this action may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d).  A party may not assign as error any defect in this Order to which timely objection was not made.

---

[1] Testimony regarding Plaintiff's statements, if any, would not be hearsay because Ms. Overall is a party to this litigation.  *See* Fed. R. Evid. 801(d)(2)(A).

11

Fed. R. Civ. P. 72(a).  Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection.  When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge.  E.D. Mich. Local Rule 72.2.


Date: September 28, 2021                s/Curtis Ivy, Jr.
                                        Curtis Ivy, Jr.
                                        United States Magistrate Judge

## **CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 28, 2021, by electronic means and/or ordinary mail.

                                        s/Kristen MacKay
                                        Case Manager
                                        (810) 341-7850