UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SONJA M. OVERALL individually and as personal representative of the Estate of Eric Brian Overall, | Case No. 20-12869 Sean F. Cox United States District Judge |
| Plaintiff, | Curtis Ivy, Jr. United States Magistrate Judge |
| v. | |
| OAKLAND COUNTY, *et al.*, | |
| Defendants. _____/ | |

## ORDER ON MOTION FOR PROTECTIVE ORDER (ECF No. 61)

Plaintiff Sonja Overall ("Plaintiff"), individually and as representative of the Estate of Eric Brian Overall, brings this action pursuant to 42 U.S.C. § 1983 for the November 2017 death of her husband former deputy Eric Overall, while acting in his capacity as an Oakland County Sheriff's Deputy. (ECF No. 1). Defendant Oakland County moves this court to enter a protective order which would preclude Plaintiff Overall from deposing Sheriff Michael Bouchard. (ECF No. 61). Oakland County's justification for this request is that Sheriff Bouchard is protected by a type of limited immunity that shields high government officials from depositions unless the party seeking the deposition first proves that the evidence is unavailable from some other deponent. Though this matter was originally set for hearing, the parties later agreed a hearing would not be necessary. Thus, the

motion is ready for determination without oral argument.  For the reasons discussed herein, the Court finds that the motion for a protective order is due to be granted.

## I. Background

Sonja Overall launched this suit against the defendants alleging violations of decedent Deputy Overall's due process rights under the Fifth and Fourteenth Amendments to the United States Constitution and Michigan law.  Plaintiff seeks to depose Bouchard.

Oakland County has moved for a protective order that would preclude Plaintiff from deposing Bouchard.  Oakland County argues that he is entitled to such protection because he is a high-ranking official who lacks any personal knowledge that would be relevant to Plaintiff's claims.  Plaintiff, however, contends that Bouchard likely possesses relevant knowledge.

## II. Legal Standard

Discovery provides a mechanism for making relevant information available to the litigants.  Fed. R. Civ. P. 26 Advisory Committee note to 1983 amendment.  "Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation.  To that end, either party may compel the other to disgorge whatever facts he has in his possession."  *Hickman v. Taylor*, 329 U.S. 495, 507 (1947).  Liberal discovery rules allow litigants to see the full breadth of the

evidence that exists in a case. This helps litigants avoid surprises, leads to the speedier settlement of cases, and helps prevent miscarriages of justice in cases where evidence would otherwise be available to only one party. *Brown Badgett, Inc. v. Jennings*, 842 F.2d 899, 902 (6th Cir. 1988). Rules favoring broad discovery help "make a trial less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958).

The Federal Rules of Civil Procedure strongly favor full discovery whenever that is possible. *Republic of Ecuador v. Hinchee*, 741 F.3d 1185, 1189 (11th Cir. 2013); *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985). Federal Rule of Civil Procedure 26(c), however, allows a court to issue an order to protect a party or person from undue burden. *In re Ohio Execution Protocol Litigation*, 845 F.3d 231, 235 (6th Cir. 2016). To satisfy the requirements of Rule 26(c), "the moving party must show 'good cause' for protection from one (or more) harms identified in Rule 26(c)(1) 'with a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" *In re Ohio Execution Protocol Litig.*, 845 F.3d 231, 236 (6th Cir. 2016) (quoting *Serrano v. Cintas Corp.*, 699 F.3d 884, 901 (6th Cir. 2012)); *Beckman Indus., Inc., v. International Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) ("Broad allegations of harm, unsubstantiated by specific examples or articulated

reasoning, do not satisfy the Rule 26(c) test."). "To show good cause, a movant for a protective order must articulate specific facts showing 'clearly defined and serious injury' resulting from the discovery sought and cannot rely on mere conclusory statements." *Nix v. Sword*, 11 F. App'x 498, 500 (6th Cir. 2001) (quoting *Avirgan v. Hull*, 118 F.R.D. 252, 254 (D.D.C. 1987)) (citations omitted)); *see also Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002); *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978). Furthermore, "[t]o justify restricting discovery, the harassment or oppression should be unreasonable, but 'discovery has limits and these limits grow more formidable as the showing of need decreases." *Serrano* at 901 (quoting 8A Charles Alan Wright & Arthur R. Miller *et al.*, Federal Practice and Procedure § 2036 (3d ed. 2012)). When the Federal Rules assign a burden to a party, conclusory statements will not suffice to carry that burden. *See Garrett*, 571 F.2d at 1326 n.3 ("The burden is upon the movant to show the necessity of" a protective order, which "contemplates a particular and specific demonstration of fact as distinguished from . . . conclusory statements.").

Under the "good cause" standard, the court must balance the competing interests of the parties. *Faktor v. Lifestyle Lift*, 2009 WL 1440795, at *1 (N.D. Ohio May 20, 2009) (citing *York v. Am. Med. Sys., Inc.*, 1998 WL 863790, at *4 (6th Cir. Nov. 23, 1998); *Farnsworth*, 758 F.2d at 1547. Courts have broad

discretion at the discovery stage to determine whether a protective order is appropriate and what degree of protection is required. *Seattle Times v. Rhinehart*, 467 U.S. 20, 36 (1984).

Considering the importance of depositions, courts have stated that a "party has a general right to compel any person to appear at a deposition." *CSC Holdings, Inc. v. Redisi*, 309 F.3d 988, 993 (7th Cir. 2002) (citing Fed. R. Civ. P. 30(a)); *Nat'l Life Ins. Co. v. Hartford Accident & Indem. Co.*, 615 F.2d 595, 599 (3d Cir. 1980) ("The Federal Rules of Civil Procedure specifically give a party the right to question a witness by oral deposition."). "The burden of showing good cause to preclude a deposition altogether is a heavy one." *Dunford v. Rolly Marine Serv. Co*., 233 F.R.D. 635, 637 (S.D. Fla. 2005). "It is very unusual for a court to prohibit the taking of a deposition altogether and absent extraordinary circumstances, such an order would likely be in error." *Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979); *Blankenship v. Hearst Corp*., 519 F.2d 418, 429 (9th Cir. 1975) (noting that a "strong showing is required before a party will be denied entirely the right to take a deposition"); *Apple Inc. v. Samsung Elecs. Co*., 282 F.R.D. 259, 263 (N.D. Cal. 2012) ("[I]t is very unusual 'for a court to prohibit the taking of a deposition altogether absent extraordinary circumstances.'") (citation omitted).

Despite a civil litigant's broad right to depose an opposing party, because depositions can be used to harass parties, the federal courts have adopted a rule that generally exempts "high-ranking" government officials from depositions when the individual lacks personal knowledge relevant to the case or some other witness could provide sufficient testimony. *See generally United States v. Morgan*, 313 U.S. 409, 421-22 (1941) (opining that the district court should not have required the Secretary of Agriculture to submit to a deposition); *Sensient Colors*, 649 F. Supp. 2d at 321 ("*Morgan* stands for the proposition that high-ranking government officials should not be subject to the taking of depositions absent extraordinary circumstances.").

The rationale is that "high-ranking" officials could be burdened unduly if they were needed to submit to a deposition in the multitude of civil actions that some government agencies and businesses face. *Bogan v. City of Boston*, 489 F.3d 417, 423 (1st Cir. 2007); *In re United States*, 985 F.2d 510, 512-13 (11th Cir. 1993). Depositions can be burdensome for parties both temporally and financially. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367-68 (11th Cir. 1997); *Olivieri v. Rodriguez*, 122 F.3d 406, 409 (7th Cir. 1997). For high-ranking government officials, the time consumed by depositions necessarily cannot be devoted to important governmental responsibilities. *Lederman v. New York City Dep't of Parks & Recreation*, 731 F.3d 199, 203 (2d Cir. 2013).

Unless afforded some protection, high-ranking officials could be overwhelmed by appearances at depositions—not to mention the time that is required to prepare for depositions—which necessarily would inhibit performance of their official duties. *Sun Cap. Partners, Inc. v. Twin City Fire Ins. Co.*, 310 F.R.D. 523, 527 (S.D. Fla. 2015) ("Courts have generally restricted parties from deposing high-ranking officials because (by virtue of their position) they 'are vulnerable to numerous, repetitive, harassing, and abusive depositions, and therefore need some measure of protection from the courts.'"). Public officials "should not have to spend their time giving depositions in cases arising out of the performance of their official duties unless there is some reason to believe that the deposition will produce or lead to admissible evidence." *Olivieri*, 122 F.3d at 409-10.

This Court has determined that the position of sheriff is a high-ranking official to whom the apex doctrine may apply. *See, e.g.*, *Boudreau v. Bouchard*, 07-10529, 2008 WL 4386836, at *2 (E.D. Mich. Sept. 25, 2008); *Greco v. Livingston Cnty.*, 12-12212, 2014 WL 349103, at *8 (E.D. Mich. Jan. 31, 2014). Given the lack of dispute over Bouchard's status as the Sheriff, the Court finds he is entitled to the heightened protection from discovery often afforded to high-ranking officials. The question, then, is whether the likelihood that Sheriff

Bouchard has personal knowledge of pertinent facts is sufficiently remote to constitute good cause to proscribe his deposition with a protective order.

Because a high-ranking official has both substantial demands on his time and a duty to serve the public, such an official should be subject to deposition only after: (1) a litigant seeking his deposition has exhausted other sources that might yield the information sought, and (2) a showing by the litigant that the official has "'first-hand knowledge related to the claim being litigated.'" *See Greco*, 2014 WL 349103, at *8 (citing *Boudreau*, 2008 WL 4386836, at *2).

### III. Application

Oakland County takes the position that because he lacks firsthand knowledge of relevant facts, Bouchard's position as the Sheriff of the County of Oakland should preclude his deposition. He does not claim prejudice or harm would result from having to submit to a deposition. That said, a purpose to harass or annoy may be inferred where there is no showing the high-ranking official has relevant and personal knowledge about the facts at issue. *Google Inc. v. Am. Blind & Wallpaper Factory, Inc.*, 2006 WL 2578277, at *3 n.3 (N.D. Cal. Sept. 6, 2006). The Court recognizes the many demands on Sheriff Bouchard's time and the obstacles that no doubt must be overcome in scheduling his deposition. Yet this Court must decide whether Plaintiff has established that he possesses unique personal knowledge of pertinent facts that cannot be obtained through less

8

intrusive means. To that end, Plaintiff has delineated four categories of "unique knowledge" that she maintains Sheriff Bouchard possesses. As these are the only topics Plaintiff argues would justify a deposition, each will be addressed in turn.

### A. Events surrounding a meeting in which fundraiser funds were discussed.

Plaintiff's first category of "unique knowledge" possessed by Sheriff Bouchard centers on a meeting in which the use of fundraiser funds was explained. More specifically, Plaintiff first argues that following the death of Deputy Overall, a meeting occurred between Sheriff Bouchard, Lt. Greg Glover and Plaintiff in which the distribution of moneys raised via a GoFundMe account were discussed. It is alleged during this meeting that Sheriff Bouchard requested information related to Plaintiff's mortgage and allegedly threatened Plaintiff to not file any lawsuits. Plaintiff asserts Sheriff Bouchard has personal knowledge on this meeting, and how the fundraiser funds were distributed. Oakland County responds that the fact that they and/or the Oakland County Sheriff's Office held fundraisers and distributed such money to Plaintiff following Deputy Overall's death has no relevance to the claims being litigated. Oakland County also points out that during discovery, Plaintiff identified no statements made by Sheriff Bouchard that would constitute a threat. Defendant Oakland County also emphasizes they offered to produce a representative for deposition on relevant subject areas identified by Plaintiff.

The allegations in the complaint suggests this litigation concerns alleged violations of decedent's constitutional rights and his wrongful death. As such, it appears to the Court that Plaintiff has failed to first establish the fundraiser funds and their subsequent distribution is relevant. It is also not at all clear how a statement related to suing relates to this wrongful death litigation. Notably, though Plaintiff was asked at her deposition to describe or identify the threat made by Bouchard, her declaration makes clear she could not do so. And even if it were relevant to a claim being litigated, Plaintiff has failed to point to any unique knowledge Sheriff Bouchard may have about those funds that someone else would not have known, had they questioned that person. It appears to this Court that Plaintiff could have obtained this information by other means, so Plaintiff will not be permitted to depose Sheriff Bouchard on this particular issue.

### B. Statements made during press conferences following the death of Deputy Overall.

Plaintiff's second category of "unique knowledge" possessed by Sheriff Bouchard relates to press conferences held by Sheriff Bouchard following Deputy Overall's death. Plaintiff contends statements made during these press conferences constitute statements by an opposing party on behalf of Oakland County and therefore qualify as exceptions to the rule against hearsay. Defendant Oakland County contends that Bouchard possesses no first-hand or direct knowledge of a claim being litigated, the investigation of the incident, or the later criminal

10

investigation involving Defendant Berak.  Rather, Oakland County asserts Steve Zdravkovsky is most knowledgeable as he led the investigation and has been made available for deposition.

Plaintiff's argument simply misses the mark.  Plaintiff again fails to allege facts to support comments made at the press conferences are relevant and relate to a claim being litigated.  Nor is there any indication that Sheriff Bouchard participated in or directed the investigation related to the decedent.  Merely holding a press conference over the events surrounding the death of the decedent is not evidence that Sheriff Bouchard was personally involved or possesses unique knowledge.  Nor has Plaintiff demonstrated that she took reasonable measures to obtain the necessary information.  Even as it relates to orders given the night of Deputy Overall's death, Plaintiff has not demonstrated that Bouchard likely has information from first-hand experiences, which no other witness likely would possess.  At bottom, Plaintiff relies on conclusory allegations and, as such, cannot compel the deposition of Sheriff Bouchard.  As a result, Plaintiff will not be permitted to depose Sheriff Bouchard on this particular issue.

### C. Plaintiff's fitness for duty as a reserve officer for the Oakland County Sheriff's Office.

Plaintiff's third category of "unique knowledge" possessed by Sheriff Bouchard concerns Plaintiff's fitness for duty as a reserve officer for the Oakland County Sheriff's Office.  Plaintiff asserts that during this litigation, Defendant

11

Oakland County scheduled Plaintiff for a fitness for duty interview. The premise for the interview was "in light of her deposition testimony given in prior litigation." (ECF No. 64, PageID.881). In response, Oakland County argues Plaintiff's role as a reserve officer is unrelated to the claims at issue. Oakland County further states even if it were, Plaintiff is not seeking lost wages and damages related to the role as they are fixed as of the date of the death.

Here, there is a likelihood that an executive leader like Sheriff Bouchard would have personal knowledge about staffing matters at the Oakland County Sheriff's Office. Even so, while presumably within his personal knowledge, there is no indication the fitness interview was scheduled at Bouchard's behest or that he knows about the communication between the attorneys.

At this stage, no witness has signified that only Bouchard would have the necessary information. Nor is there any indication such was sought during other methods of discovery such as the propounding of interrogatories.

Plaintiff also has not sufficiently demonstrated the importance of the evidence. As Plaintiff has returned to work and this topic does not appear to relate to damages, it is unclear how it is relevant to the claims at issue. Thus, the Court agrees with Defendant Oakland County and Sheriff Bouchard may not be deposed on that topic.

**D. Presumed change in policy related to deployment of stop sticks**

Plaintiff's fourth category of "unique knowledge" possessed by Sheriff Bouchard concerns an alleged policy change in which Sheriff Bouchard ordered that all Stop Sticks be removed from Oakland County Sheriff's Office vehicles and that their use be halted. If such was declared and the policy exists, the Court will not say it is wholly irrelevant to Plaintiff's claims. The Federal Rules of Civil Procedure strongly favor full disclosure whenever possible. Given Sheriff Bouchard's executive oversight and high-level leadership and command responsibility over the Oakland County Sheriff's Office, Sheriff Bouchard would likely have personal knowledge over matters such as policy making that typically occur at an executive level within an organization. *See Balfour Beatty Rail. Inc. v. Vaccarello*, 06-cv-5551-J-20 (MCR), 2007 WL 842765, at *3 (M.D. Fla.2007) ("The reason why alleged lack of knowledge is not a sufficient ground to prevent a deposition is obvious. The very purpose of the deposition discovery is to test the extent of the deponent's knowledge and claims of ignorance.") (citation omitted). That said, Plaintiff has not sufficiently alleged facts which would demonstrate such a policy exists.

As to whether the desired information could be obtained from other sources, Plaintiff has not demonstrated that she took reasonable measures to obtain the necessary information.

The Court may refuse to allow the deposition of the apex employee before the party makes effort to depose lower-level employees who are more closely tied to the issues to be addressed. *See Salter v. Upjohn*, 593 F.2d 649, 651 (5th Cir. 1979). Thus, the Court will **GRANT** the protective order. In the event that Plaintiff takes the depositions of, or propound other discovery to, those actually involved in the development and implementation of the relevant issues *and* Plaintiff makes a showing that she made reasonable efforts to obtain the needed evidence but cannot do so except via a deposition of Sheriff Bouchard, the Court will consider lifting the protective order at that time.

**IV. Conclusion**

For the reasons set forth above, Oakland County's motion for a protective order (ECF No. 61) is hereby **GRANTED**.

**IT IS SO ORDERED.**

Dated: February 4, 2022                    s/Curtis Ivy, Jr.
                                           CURTIS IVY, JR.
                                           United States Magistrate Judge


**NOTICE TO PARTIES ABOUT OBJECTIONS**

Within 14 days of being served with this order, any party may file objections with the assigned district judge. Fed. R. Civ. P. 72(a). The district judge may sustain an objection only if the order is clearly erroneous or contrary to law. 28 U.S.C. § 636. **"When an objection is filed to a magistrate judge's ruling on a**

14

**non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."** E.D. Mich. LR 72.2.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 4, 2022.

s/Kristen MacKay
KRISTEN MACKAY
Case Manager