UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SONJA M. OVERALL individually and as personal representative of the Estate of Eric Brian Overall, | Case No. 20-12869 |
| | Sean F. Cox United States District Judge |
| Plaintiff, | Curtis Ivy, Jr. |
| v. | United States Magistrate Judge |
| OAKLAND COUNTY, *et al.*, | |
| Defendants. _____/ | |

## ORDER GRANTING IN PART MOTION TO COMPEL (ECF No. 86)

This matter is before the Court on Plaintiff's motion to compel responses to requests for production of the complete personnel files and disciplinary records of seven Oakland County non-party employees and six Lapeer County non-party employees. (ECF No. 86). Plaintiff has the complete personnel files of the three deputy defendants. The defendant counties have provided training records for the thirteen non-party employees, but object to producing further records from their files. (ECF Nos. 89, 90). Defendants objected on the grounds of overbreadth, burden, and relevance.

Parties may obtain discovery on any nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the

parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Fed. R. Civ. P. 26.  Information within this scope of discovery need not be admissible in evidence to be discoverable.  *Id.*  "Although a [party] should not be denied access to information necessary to establish her claim, neither may a [party] be permitted to 'go fishing,' and a trial court retains discretion to determine that a discovery request is too broad and oppressive."  *Superior Prod. P'ship v. Gordon Auto Body Parts Co.*, 784 F.3d 311, 320-21 (6th Cir. 2015) (citing *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007)).  A party seeking discovery may move for an order compelling an answer, designation, production, or inspection.  Fed. R. Civ. P. 37.

      Plaintiff argues the requests for documents are not overly broad because they are limited to persons who were involved in, or who supervised those involved in, the event that led to Deputy Overall's death.  In this way, Plaintiff limited the size of the request rather than seeking the files of all county sheriff's department employees.  Plaintiff contends documents such as employment history, training certificates, disciplinary history, policy reviews, and pursuit procedures information are relevant to the *Monell* claim against the counties.  (ECF No. 86, PageID.1028-33).  The claim is that Lapeer County failed to properly train and

supervise their officers regarding slow speed pursuits, activating police cruiser lights when pursuing mentally ill individuals, and that Oakland County acted with deliberate indifference by having a policy of using stock sticks when other police departments ended using them, and for failing to train employees to not activate cruiser lights when deploying stop sticks.  Plaintiff also alleges that the communications between Lapeer, Oakland, and Genesee County during the incident were disorganized and caused confusion.  (ECF No. 3, PageID.133-34, 136).

Oakland County argues that Plaintiff must make a heightened showing of relevance and need to obtain non-party personnel files and that employers have a valid interest in the privacy of those files, including protecting personal information such as addresses and wage information.  (ECF No. 89, PageID.1046-47).  It also argues that none of the personnel files will contain information about the County's policies or customs, which were previously produced.  According to Oakland County, Plaintiff has not made the case that the personnel files and disciplinary records of its non-party employees are relevant.  (*Id.* at PageID.1047-49).

Lapeer County argues that the non-party personnel files have no bearing on the training or discipline the defendant deputies received, and thus they are

irrelevant to the *Monell* claim. In the County's view, the *Monell* claims relates only to the defendant deputies' actions. (ECF No. 90, PageID.1234).

In reply, Plaintiff insists that how the counties trained and supervised their employees is central to the case and the personnel files would contain relevant training records, counseling given in relation to training, evaluations, and "other things that may appear in a county employee's personnel file." (ECF No. 92, PageiD.1340-41). Plaintiff agrees, however, that personal identifying information, such as contact information and family information, is not relevant and would agree to a protective order. (*Id.* at PageID.1341).

Disciplinary records and performance evaluations have some relevance to the *Monell* failure to train or supervise claim, but not all disciplinary and evaluation records—only those that relate to the claims here, i.e., regarding slow speed pursuits, activating police cruiser lights and sirens when pursuing mentally ill individuals, the use/deployment of stop sticks, and communications about these activities, as described in the first amended complaint. *See McGrew v. Duncan*, 2017 WL 11630308, at *3 (E.D. Mich. Aug. 22, 2017). For instance, if one or more of these individuals has been disciplined for some action related to the events in Deputy Overall's death, but was never given training or materials to review to refresh the employee on the proper procedures, it is arguable that the County was not sufficiently training or supervising their employees.

4

Lapeer County's comparison of Plaintiff's request to the discovery requests in *Cameron v. Menard*, 2021 WL 2805603 (D. Vt. July 6, 2021), is misplaced. In that case, the plaintiff sued corrections officers and officials for violating her Eighth Amendment rights. She sought the personnel files, including training records, performance assessments, and disciplinary records of twelve non-parties. The court denied the motion to compel because those records were not relevant to the individual capacity claims against the named corrections employees. The plaintiff in that case did not assert a *Monell* municipal liability claim like in this case. *Id.* at *4-7. Here, the counties' training and supervision of its employees is relevant to the claims.

The request is not overly broad. The request was limited to only those who had some involvement, even if very minimal, in the incident. It will not be unduly burdensome for the Counties' records keeper to look through six (Lapeer County) or seven (Oakland County) personnel files for relevant disciplinary and evaluation records. For these reasons, the motion to compel is **GRANTED IN PART**.

The parties are directed to confer about the most efficient means to prevent disclosure of personal identifying information or other information that is irrelevant. If no agreement is made, Defendants may seek a protective order.

**IT IS SO ORDERED.**

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d).  A party may not assign as error any defect in this Order to which timely objection was not made.  Fed. R. Civ. P. 72(a).  Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection.  When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge.  E.D. Mich. Local Rule 72.2.

Dated: September 7, 2022                     s/Curtis Ivy, Jr.
                                             CURTIS IVY, JR.
                                             United States Magistrate Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 7, 2022.

                                             s/Kristen MacKay
                                             Kristen MacKay
                                             Case Manager