UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SONJA M. OVERALL,

     Plaintiff,

v.                                                                Case No. 20-12869

OAKLAND COUNTY, *et al.*,                          Sean F. Cox
                                                                  United States District Court Judge

     Defendants.

_____/

**OPINION AND ORDER**
**DENYING PLAINTIFF'S CHALLENGES TO COSTS TAXED**
**AND DENYING MOTIONS TO STAY WITHOUT BOND**

This case arises from the tragic death of Eric Overall, a Deputy with the Oakland County

Sheriff's Office, who was killed in the line of duty, while assisting Lapeer County sheriff's

deputies in their attempt to stop a vehicle being driven by Defendant Christopher Berak. In an

Opinion and Order issued on April 26, 2023, this Court granted summary judgment in favor of

Defendant Oakland County, and in favor of the Lapeer County Defendants, as to Plaintiff's

claims against them. Thereafter, Defendant Oakland County and the Lapeer County Defendants

each filed a Bill of Costs and the Clerk of the Court taxed costs against Plaintiff and in their

favor. The matter is now before the Court on four motions wherein Plaintiff asks this Court to:

1) disallow some costs that were taxed by the Clerk of the Court; and 2) issue a stay pending

appeal with respect to taxation of costs, without Plaintiff having to post a bond. The parties have

briefed the issues and the Court concludes that oral argument is not necessary. Local Rule

7.1(f). For the reasons set forth below, the Court rejects Plaintiffs' challenges to the costs taxed

by the Clerk of the Court in favor of Oakland County and the Lapeer County Defendants. The

Court also denies Plaintiff's motions to stay because Plaintiff has not met her burden of

establishing that extraordinary circumstances warrant a stay without Plaintiff posting a bond in

the amount of the costs taxed.

## BACKGROUND

On October 27, 2020, Plaintiff Sonja Overall, individually and as Personal

Representative of the Estate of Eric Brian Overall, filed this § 1983 action, asserting claims

against a number of Defendants.  Plaintiff's First Amended Complaint named the following

Defendants: 1) Oakland County; 2) Lapeer County; 3) Genesee County; 4) Kenneth Paul; 5)

Christopher Boshell; 6) Christopher Bowman; 7) Harry Lutze ; and 8) Christopher Berak.  The

claims against Defendant Genesse County were dismissed with prejudice in a stipulated order

issued on September 26, 2022.  All of the other Defendants remained in the case.

After the close of discovery, Oakland County and the Lapeer County Defendants each

filed a summary judgment motion.  This Court's practice guidelines are included in the

Scheduling Order and provide, consistent with Fed. R. Civ. P. 56 (c) and (e), that:

> a.  The moving party's papers shall include a separate document entitled
> Statement of Material Facts Not in Dispute.  The statement shall list in separately
> numbered paragraphs concise statements of each undisputed material fact,
> supported by appropriate citations to the record. . .
>
> b.  In response, the opposing party shall file a separate document entitled
> Counter-Statement of Disputed Facts.  The counter-statement shall list in
> separately numbered paragraphs following the order or the movant's statement,
> whether each of the facts asserted by the moving party is admitted or denied and
> shall also be supported by appropriate citations to the record.  The Counter-
> Statement shall also include, in a separate section, a list of each issue of material
> fact as to which it is contended there is a genuine issue for trial.
>
> c.  All material facts as set forth in the Statement of Material Facts Not in Dispute
> shall be deemed admitted unless controverted in the Counter-Statement of
> Disputed Facts.

(Scheduling Order at 2-3).

The Lapeer Defendants complied with the Court's practice guidelines for summary judgment motions such that their motion includes a "Statement of Material Facts Not In Dispute" and Plaintiff filed a "Counter-Statement of Disputed Facts." Defendant Oakland County also complied by filing its "Statement of Undisputed Material Facts" and Plaintiff filed a counter-statement.

In addition to the summary judgment motions, the Lapeer County Defendants filed several motions to strike or limit the testimony of Plaintiff's experts. (ECF Nos. 121-25). In addition, Plaintiff filed motions seeking to strike the testimony of Defendants' experts. (*See* ECF Nos. 126-131).

After full briefing by the parties, and oral argument, this Court granted summary judgment in favor of Oakland County as to all claims asserted against Defendant Oakland County. (ECF No. 178). In that same Opinion and Order, this Court granted summary judgment in favor of the Lapeer County Defendants as to all counts asserted against them, leaving Defendant Berak as the sole remaining Defendant in this case. Because Defendant Berak remained in this case after this Court's summary judgment rulings, this Court did not issue a judgment at that time.

In an Order issued on April 27, 2023, this Court denied, as moot, all of the motions seeking to strike experts. (*See* ECF No. 181).

On May 24, 2023, Oakland County filed a Bill of Costs, seeking a total of $4,663.30 for fees for printed or electronically recorded transcripts necessarily obtained for use in the case, along with supporting documentation. (ECF No. 184).

On May 24, 2023, the Clerk of the Court taxed costs against Plaintiff in the full amount of $4,663.30.  (*See* "Taxed Bill of Costs," ECF No. 185).  The Taxed Bill of Costs states, consistent with Fed. R. Civ. P. 54, that "counsel for either side may, within seven (7) days, file *motions* to review the clerk's action."  (*Id*) (emphasis added); Fed. R. Civ. P. 54(d)(1) (Providing that the clerk may tax costs and "[o]n motion served within the next 7 days, the court may review the clerk's action.").

On May 31, 2023, Plaintiff filed her "Opposition To 'Defendants' [sic] Bill Of Cost'" asking "that the Clerk disallow" certain costs.  (ECF No. 187).  The Court will construe this filing as a motion asking this Court to review the costs taxed by the Clerk of the Court in favor of Oakland County.  Shortly thereafter, on June 1, 2023, Plaintiff filed a "Motion For Stay Pending Appeal With Respect To Taxation Of Costs."  (ECF No. 188).

On June 2, 2023, the Lapeer County Defendants filed a Bill of Costs, seeking a total of $5,756.49 in costs, consisting of $5,656.49 in court reporter fees and $100.00 in witness fees. (ECF No. 189).

On June 8, 2023, the Clerk of the Court taxed costs against Plaintiff in the amount of $4,724.24.  (*See* ECF No. 191, 6/8/23 Taxed Bill of Costs).  The Clerk of the Court denied $1,032.25 for court reporter fees, and included an explanation as to why.  The Clerk of the Court taxed $100.00 in witness fees.  The Taxed Bill of Costs states, consistent with Fed. R. Civ. P. 54, that "counsel for either side may, within seven (7) days, file motions to review the clerk's action."  (*Id*).

The Lapeer County Defendants did not file a motion seeking to recover the requested court reporter fees that were not allowed by the Clerk of the Court.  On June 22, 2023, Plaintiff

filed her "Opposition to Defendants' Bill Of Cost" (ECF No. 194), that this Court will construe

as a motion asking this Court to review the costs taxed by the Clerk of the Court in favor of the

Lapeer County Defendants.

On July 24, 2023, after the motions regarding costs and a stay as to same had been fully

briefed, Plaintiff dismissed her claims against Defendant Berak (the sole remaining Defendant)

without prejudice. Thus, a judgment may now be issued.

## ANALYSIS

Plaintiff's motions ask this Court to: 1) disallow certain costs that were taxed by the

Clerk of the Court in favor of Defendants; and 2) stay this action as to costs taxed in favor of

Defendants, without Plaintiff being required to post a bond.

**I.     Plaintiff's Challenges To Costs Taxed By The Clerk Of The Court**

Rule 54(d) of the Federal Rules of Civil Procedure provides that "costs . . . shall be

allowed as of course to the prevailing party unless the court otherwise directs." The Sixth

Circuit had held that language creates a presumption in favor of awarding costs. *Baji v.*

*Northeast Regional Bd. of Dental Examiners, Inc*., 3 F. App'x 352, 359 (6th Cir. 2001).

"Ordinarily, the costs of taking and transcribing depositions reasonably necessary for the

litigation are allowed to the prevailing party." *Sales v. Marshall*, 873 F.2d 115, 120 (6th Cir.

1989). An allowance of deposition costs is reviewed for abuse of discretion. *Sales,* 873 F.2d at

120."

Necessity is determined as of the time of taking, and the fact that a deposition is not

actually used at trial is not controlling." *Id*. Thus, whether a deposition is reasonably necessary

is to be determined at the time it is taken. *Baker v. First Tenn. Bank Nat. Ass'n*, 142 F.3d 431,

1998 WL 136560 at *3 (6th Cir. 1998).  "This principle hold true even when the deposition deals with an issue which subsequently becomes moot."  *Id.*

District courts routinely approve costs for deposition transcripts that were filed in support of a successful summary judgment motion.  *See, eg.*, *Kaimowitz v. Howard*, 547 F. Supp. 1345, 1352 (E.D. Mich. 1982); *Abbs v. Con-Way Cent. Exp., Inc.*, 2007 WL 1017364 (E.D. Mich. 2007); *Alemarah v. General Motors, LLC*, 2020 WL 13614448 at *1 (E.D. Mich. 2020).

In appropriate circumstances, however, "the costs associated with a deposition may be taxed even if the prevailing party did not rely on that deposition in support of its dispositive motion."  *Effyis, Inc. v. Kelly*, 2020 WL 13157804 at *2 (E.D. Mich. 2020).  "'When a deposition is not actually used at trial or as evidence on some successful preliminary motion, whether its cost may be taxed generally is determined by deciding if the deposition reasonably seemed necessary at the time it was taken.'"  *Id*. (citing 10 Charles Alan Wright et al., *Federal Practice and Procedure*: *Civil 2d* § 2676, at 341 (2d ed 1983)); *see also Charboneau v. Severn Trent Lab., Inc*., 2006 WL 897131 at * 3 (W.D. Mich. 2006); *Baji, supra* (affirming costs taxed for deposition transcript that was not used in connection with a summary judgment motion).

### A.    Oakland County

Here, the Clerk of the Court taxed costs in the total amount of $4,663.30, in favor of Oakland County, for the cost of deposition transcripts.

Plaintiff acknowledges that district courts routinely approve costs for deposition transcripts that are relied on in a summary judgment motion.  But Plaintiff contends that six of the deposition transcripts at issue here were "filed with the Court as Exhibits to" Defendant Oakland County's Motion, "but are only referenced in the Defendant's Index of Exhibits and

never referenced in the body of the Defendant's Motion." (ECF No. 187 at 3).  Plaintiff

contends that the costs of these six deposition transcripts should be disallowed.

The seven disputed deposition transcripts are the transcripts of: 1) Plaintiff Sonja

Overall; 2) Defendant Paul; 3) Defendant Bowman; 4) Defendant Lutze; 5) Lieutenant Gregory

Glover, who was Deputy Overall's supervisor at the Oakland County Sheriff's Office; 6) Captain

Russell Yeiser, a sergeant in the Oakland County Sheriff's Office's training division; and 7)

Timothy Brown, one of Plaintiff's named expert witnesses.

Contrary to Plaintiff's assertions, these challenged deposition transcripts were used in

connection with Oakland County's successful summary judgment motion.  As reflected in the

Scheduling Order in this case and this Court's April 26, 2023 Opinion and Order, this Court's

practice guidelines *require* a summary judgment movant to file a statement of material facts not

in dispute along with the motion. These submissions are part of the summary judgment motion

and are of critical importance in this Court's analysis of a summary judgment motion.  As

Defendant Oakland County notes, these disputed deposition transcripts were used in the

statement of material facts not in dispute that was filed by Oakland County.  (*See* Oakland

County's Resp. Br. at 2-3, detailing the use of each challenged deposition transcript).[1]

The Court rejects Plaintiff's challenge to these costs taxed in favor of Oakland County.


### B.      Lapeer County Defendants

The Clerk of the Court taxed costs, in favor of the Lapeer County Defendants, in the total

---

[1]Moreover, even if they had not been used in connection with Oakland County's
successful summary judgment motion, the Court would conclude that the depositions for which
Oakland County seeks reimbursement were necessarily obtained for use in this case.

amount of $5,756.49.  That consists of $5,656.49 in deposition transcripts and $100.00 in

witness fees.  Plaintiff takes issue with both categories.

The Clerk of Court taxed costs in the amount of $4,724.24 for the cost of a number of

deposition transcripts.  Plaintiff argues that only $2,653.05 should have been allowed. The

disputed deposition transcripts are those of: 1) Plaintiff's named expert witnesses (Kenneth

Katsaris, Timothy Dimoff, Nitin Paranjpe, Timothy Brown, and Werner Spitz); 2) Plaintiff Sonja

Overall; 3) Melanie Johnson (Deputy Overall's ex-wife); 4) Lieutenant Gregory Glover, who

was Deputy Overall's supervisor at the Oakland County Sheriff's Office; and 5) Kenneth Overall

(Deputy Overall's adult son).  Plaintiff contends that the costs of these deposition transcripts

should not allowed because they were not used in connection with the Lapeer County

Defendant's successful summary judgment motion.

The Lapeer County Defendants agree that these challenged deposition transcripts were

not used in their successful summary judgment motion.  But they contend that the costs of these

transcripts were properly taxed because the costs of these transcripts were reasonably and

necessarily obtained for use in this case.

Directing the Court to the Sixth Circuit's decision in *Baji*, the Lapeer Defendants

persuasively argue that the costs of deposing Plaintiff's experts in this case are taxable because

those costs were reasonable and necessary for defending against Plaintiff's claims at the time

they were taken. As the Sixth Circuit noted in *Baji,* "it is generally expected that expert

witnesses will be deposed by the other side." *Baji, supra*, at 360 (citing Fed. R. Civ. P.

26(b)(4)(a)). Here, the experts named by Plaintiff were deposed and the Lapeer County

Defendants used the deposition transcripts to file motions seeking to strike or limit their

testimony at trial. While those motions were later denied as moot, the depositions are taxable

because they were reasonably necessary at the time they were taken.

The Lapeer County Defendants contend that the remaining challenged deposition

transcripts (Plaintiff Sonja Overall, Johnson, Glover, and Kenneth Overall) were properly taxed

because "those persons provided testimony that bore on Plaintiff's claim for loss of financial

support damages under MCL 600.2922(d)" explaining:

> As articulated in the Lapeer Defendants' Motion challenging Plaintiffs'
> economist, Dr. Paranjpe, a Plaintiffs' claim for loss of financial support must be
> proven by evidence that he or she had a reasonable expectation of receiving
> financial support from the deceased. *Setterington v. Pontiac Gen. Hosp.*, 223
> Mich. App. 594, 606, 568 N.W.2d 93 (1997). The Lapeer Defendants, of course,
> deposed Sonja Overall because she was Deputy Overall's wife at the time of his
> death and, therefore, had the best knowledge of her own claim for loss of
> financial and emotional support. (S. Overall Trans. – ECF 125-9). They deposed
> Kenneth Overall, Deputy Overall's, son, to determine whether he had any claim
> for damages under MCL 600.2922(6) and to assess the viability of Sonja Overall's
> claim for loss of financial and emotional support. (K. Overall Trans. – ECF 125-
> 12). Kenneth Overall, as well as Melanie Johnson and Gregory Glover, also had
> information demonstrating that Deputy Overall was contemplating divorce at the
> time of his death, which also bore directly on Sonja Overall's claim for expected
> financial support in the future. (M. Johnson Trans. – ECF 125-10; Glover Trans.
> ECF 125-11; K. Overall Trans. – ECF 125-12). Clearly, the requested fees were
> reasonable and necessary for furtherance of this litigation and, therefore, were
> properly taxed.

(Lapeer Defs. Resp. Br. at 6-7).

The Court agrees that the costs of these deposition transcripts were reasonably necessary

at the time taken.

That leaves Plaintiff's objection to the $100.00 in witness fees allowed by the Clerk of

the Court. In their bill of costs, the Lapeer County Defendants requested $20.00 for each of

Plaintiff's five expert witnesses who were deposed in this case and indicated the allowable fees

were "split with Co-Defendants." Plaintiff asserts that the invoices presented in Defendant's bill

9

of costs were billed directly to Plaintiff and, as a result, Plaintiff "cannot determine how

Defendant may have incurred a $20 fee on each of Plaintiff's witnesses." (Pl.'s Objs. at 4).

Defendants presumably attached the invoices to show that the depositions of Plaintiff's experts

were taken in this case. By statute, an expert witness who is deposed must be paid a witness fee

of $40.00 per day. *See* 28 U.S.C. § 1821. The Clerk of the Court did not err in taxing $100.00 in

witness fees in favor of the Lapeer County Defendants, representing one-half of the witness fees.

The Court rejects Plaintiff's challenges to the costs taxed in favor of the Lapeer County

Defendants.

## II.    Plaintiff's Motions To Stay

In addition to Plaintiff's motions challenging the costs taxed in favor of Defendants,

Plaintiff also filed two Motions "For Stay Pending Appeal With Respect To Taxation Of Costs."

(ECF Nos. 188 & 199). In these motions, Plaintiff asks this Court to stay the taxation of costs in

this matter, pending appeal, without requiring Plaintiff to post any bond.

Oakland County and the Lapeer County Defendants oppose these motions. That is, they

oppose this Court issuing a stay as to the judgment or taxation of costs unless Plaintiff posts a

bond in the amount of the costs taxed.[2]

Plaintiff's motions state that Plaintiff brings these motions pursuant to Fed. R. Civ. P.

62(d) "and pursuant to this Court's Bill of Costs Handbook." (Pl.'s Motions at 2-3). The

Court's Bill of Costs Handbook, however, expressly states that it "is NOT to be considered legal

---

[2]Both Oakland County and the Lapeer County Defendants state that they do not oppose a
stay of the collection of the costs taxed, provided that Plaintiff files a notice of appeal and posts a
bond in the full amount of the costs taxed. (*See* ECF No. 200 at PageID.7990 & ECF No. 193 at
PageID.7911)

advice, nor should it be cited as legal authority." And Fed. R. Civ. P. 62(d), which pertains to injunctions pending an appeal, does not apply here.

Plaintiff presumably meant to bring their motions under Fed. R. Civ. P. 62(b), "which carries forward in modified form the supersedeas bond provisions of former Rule 62(d)." 2018 Advisory Committee Notes to Fed. R. Civ. P. 62. Pursuant to Fed. R. Civ. P. 62(b),"[a]t any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security."

The bond requirement of this rule serves to protect both parties. *Hamlin v. Charter Twp. of Flint*, 181 F.R.D. 348, 351 (E.D. Mich. 1998). "It protects the appellant from 'the risk of satisfying the judgment only to find that restitution is impossible after reversal on appeal' while protecting the appellee 'from the risk of a later uncollectible judgment and also provid[ing] compensation for those injuries which can be said to be the natural and proximate result of the stay." *Gray v. AutoZoners, LLC*, 2022 WL 1138018 at *1 (E.D. Mich. 2022) (quoting *Hamlin, supra*). Thus, the rule establishes not only the appellant's right to a stay but also the appellee's right to have a bond posted. *Id*. Because of the rule's "dual protective role, a full supersedeas bond should almost always be required." *Id.; Pucci v. Somers*, 834 F. Supp.2d 690, 706 (E.D. Mich. 2011); *Dubac v. Green Oak Twp.*, 2010 WL 3908616 at *1 (E.D. Mich. 2010).

Nevertheless, district courts within the Sixth Circuit have found it appropriate to dispose of the bond requirement in "extraordinary circumstances.*" Gray, supra; Dubac, supra; Kidis v. Moran,* 2019 WL 4809465 at *2 (E.D. Mich. 2019); *Ordos City Hawtai Autobody v. Dimond Rigging Co., LLC,* 2016 WL 8257782 at *2 (E.D. Mich. 2016) (Explaining that to overcome the

presumption that a bond is required, courts within this Circuit have looked at whether

'extraordinary circumstances' exist.")

Here, Plaintiff asserts that extraordinary circumstances exist here, such that the Court

should not require a bond. In her opening briefs, Plaintiff contends that the "financial disparity"

between the parties warrants a waiver of the bond requirement. The same argument was made in

*Gray* and was rejected by the Honorable Bernard Friedman as it was unsupported by any

authority. *Gray, supra*, at *2 (Plaintiff 'contends that the financial disparity between the parties

warrants a waiver of the bond requirement. Plaintiff does not cite any relevant precedent in

support of this proposition and the Court is aware of none."). This Court rejects it too.

This Court notes that in many cases wherein a movant argues that a bond is unnecessary,

the party argues that is because its ability to pay the judgment is so plain that the cost of the bond

would be a waste of money. *See, eg., Arban, supra*. Notably, Plaintiff makes no such argument

here. To the contrary, in her reply briefs, Plaintiff asserts that the bond requirement should be

waived due to the financial hardship that it would impose upon Plaintiff. (Pl.'s Reply Briefs at

3) ("A payment of bond at this juncture, in a requested amount now nearing $10,000, would put

Plaintiff Sonja Overall at in an [sic] extreme financial hardship.").[3] But Plaintiff has failed to

offer any evidence or documentation to support that assertion. District courts in this Sixth

Circuit routinely deny such unsupported requests. *See, eg., American Furukawa, Inc. v.

Hossain*, 2017 WL 9719047 (E.D. Mich. 2017); *Bank v. Byrd,* 2012 WL 5384162 at *3 (W.D.

Tenn. 2012) ("The burden on the movant to demonstrate the extraordinary circumstances

required for a departure from the bond requirement cannot be satisfied by unsupported claims of

---

[3]Plaintiff's counsel has not provided the Court with any information as to the actual cost of a bond in the amount of the costs taxed in this case.

financial hardship.")

## CONCLUSION & ORDER

For the reasons set forth above, the Court DENIES Plaintiff's Motion for Review Of

Costs Taxed in favor of Defendant Oakland County and Plaintiff's Motion for Review of Costs

Taxed in favor of the Lapeer County Defendants.

IT IS FURTHER ORDERED that Plaintiff's Motions for Stay, that ask this Court to

waive the bond requirement, are DENIED.  If Plaintiff wishes to obtain a stay after filing a

notice of appeal, this Court will issue a stay upon approval of a supersedeas bond for the full

amount of the costs taxed.

IT IS SO ORDERED.

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  August 7, 2023