UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SONJA M. OVERALL,

    Plaintiff,

v.                                                                Case No. 20-12869

OAKLAND COUNTY, *et al.*,                   Sean F. Cox
                                                                  United States District Court Judge
    Defendants.
_____/

# OPINION & ORDER
# DENYING PLAINTIFF'S
# MOTION FOR RELIEF FROM JUDGMENT (ECF NO. 216)

Plaintiff filed this civil action against Defendants, asserting claims under § 1983. Plaintiff dismissed her claims against some Defendants, and this Court granted summary judgment in favor of the other Defendants. This Court entered the Judgment on August 7, 2023, and plaintiff appealed. The appellate court dismissed the appeal as untimely. The matter is now back before this Court on Plaintiff's Motion for Relief from Judgment under Fed. R. Civ. P. 60. This motion asks this Court to grant Plaintiff relief from the Judgment issued in this case, pursuant to Fed. R. Civ. P. 60(b)(1), and re-issue the Judgment so that she can pursue an appeal.

The parties have briefed the issues and the Court concludes that oral argument is not necessary. Local Rule 7.1. For the reasons set forth below, the Court DENIES the motion.

## BACKGROUND

This case arises from the tragic death of Eric Overall, a Deputy with the Oakland County Sheriff's Office, that occurred on November 23, 2017. Deputy Overall was killed in the line of duty, while assisting Lapeer County sheriff's deputies in their attempt to stop a vehicle being

driven by Defendant Christopher Berak.

Acting through counsel, Plaintiff Sonja M. Overall, individually and as Personal Representative of the Estate of Deputy Overall ("Plaintiff") filed this § 1983 action, asserting claims against a number of Defendants. Plaintiff dismissed her claims against some Defendants, and this Court granted summary judgment in favor of the other Defendants.

This Court entered the Judgment on August 7, 2023. (ECF No. 203).

Plaintiff filed a Notice of Appeal forty-two days later, on September 18, 2023. Plaintiff's Notice of Appeal states, in pertinent part, that "Plaintiff Sonja M. Overall, individually and as Personal Representative of the Estate of Eric Brian Overall, by and through their attorneys . . . and hereby give Notice of their Appeal to the United States Court of Appeals for the Sixth Circuit *from the Final Judgment (ECF 203) entered in this case on August 7, 2023*, in its entirety." (ECF No. 204) (emphasis added).

In the United States Court of Appeals for the Sixth Circuit, Defendants/Appellees filed motions to dismiss the appeal as untimely. In response to those motions, Plaintiff's counsel asserted that no final judgment was entered by this Court, and therefore Plaintiff's Notice of Appeal was actually filed "prematurely" and her appeal should not be dismissed as untimely.

Although the Notice of Appeal divested this Court of jurisdiction, while Plaintiff's appeal was pending in the Sixth Circuit, Plaintiff filed a "Motion For Entry Of Final Judgment Pursuant To Rule 58 Or Alternatively Motion For Relief From A Judgment Pursuant To Rule 60" in this Court. (ECF No. 208). In that motion, Plaintiff asserted that "[d]espite the absence of a final judgment" having been entered in this Court, "defendants have inexplicitly filed motions to dismiss" in the appellate court. (*Id*. at PageID.8038). Plaintiff's motion asked this Court to issue

a final judgment in this case, or alternatively, make an indicative ruling that it would grant Plaintiff relief under Fed. R. Civ. P. 60(b) and issue a new judgment.

In an Order issued on February 9, 2024, the Sixth Circuit dismissed the appeal as untimely:

> Plaintiff Sonja M. Overall, proceeding individually and as personal representative of the Estate of Eric Brian Overall, appeals the district court's judgment awarding costs and fees after granting summary judgment in favor of certain Defendants in this civil rights suit. Defendants move to dismiss the appeal as untimely, and Overall responds.
> The district court entered judgment on August 7, 2023. Overall filed her notice of appeal forty-two days later, on September 18, 2023. Civil appeals must be filed within thirty days after entry of the judgment or order being appealed. Fed. R. App. P. 4(a)(1)(A). "A timely notice of appeal is a mandatory and jurisdictional prerequisite which this court can neither waive nor extend." *Searcy v. City of Dayton,* 38 F.3d 282, 287 (6th Cir. 1994)*; see Bowles v. Russell, 551* U.S. 205, 214 (2007). Because Overall filed her notice of appeal more than thirty days after the district court entered judgment, her appeal is untimely, and we lack jurisdiction to consider it.
> Overall's argument that the district court's judgment does not meet the separate document requirement of Federal Rule of Civil Procedure 58(a) is not well taken. The purpose of the rule is to protect appellants who file an untimely appeal because of confusion caused by the district court's failure to clearly identify its final judgment. *See Innovation Ventures, LLC v. N2G Distrib., Inc.*, 763 F.3d 524, 543 (6th Cir. 2014); *Bankers Tr. Co. v. Mallis*, 435 U.S. 381, 385 (1978) (per curiam). ***But Overall was not confused; her notice of appeal expressly cites the district court's judgment by date and docket number, and she even refers to the document as the court's "Final Judgment."***
> Accordingly, the motions to dismiss are GRANTED, and this appeal is DISMISSED.

(2/9/24 Order, ECF No. 213) (emphasis added).

Thereafter, this Court dismissed Plaintiff's pending motion in this Court as moot, because the Sixth Circuit had rejected Plaintiff's argument that no final judgment was issued by this Court, and there was no need for an indicative ruling for the appellate court, given that the appeal had concluded. (ECF No. 215).

3

Undeterred, on March 7, 2024, Plaintiff filed a "Motion For Relief From A Judgment Pursuant To Rule 60" in this Court. (ECF No. 216). This motion has been fully briefed by the parties.

## ANALYSIS

Plaintiff's motion asks this Court to grant her relief from the August 7, 2023 Judgment in this case, pursuant to Fed. R. Civ. P. 60(b), and re-issue the Judgment so that she can pursue an appeal.

It is well established that a district court's ruling on such a motion is a matter addressed to the sound discretion of the trial court and will not be reversed except for abuse of discretion. *FHC Equities, LLC v. MBL Life Assurance Corp.*, 188 F.3d 678, 683 (6th Cir. 1999).

Rule 60(b)(1) authorizes relief from a judgment or order on the basis of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1).

Here, Plaintiff seeks relief under Rule 60(b)(1) due to an alleged mistake of her counsel. Plaintiff's counsel has represented to this Court (and the Sixth Circuit) that he did not believe the August 7, 2024 Judgment in this case was a "final judgment," that another judgment would be entered by this Court that would start the 30-day clock for filing a notice of appeal, and that he thought he actually filed the Notice of Appeal prematurely. Plaintiff contends that this "mistake created a docketing error on counsel's calendar where the late appeal was believed to have been timely." (ECF No. 216 at PageID.8194). Plaintiff asks this Court to vacate the Judgment and re-issue it. In support of her request, Plaintiff relies on *Lewis v. Alexander*, 987 F.2d 392 (6th Cir. 1993).

Although at first glance *Lewis* appears to support Plaintiff's argument that a Rule 60(b)

4

motion "can be used to have a federal district court re-issue its judgment and restart the appeal period, that decision has been criticized by a number of courts, including the Sixth Circuit itself." *Martin v. Rivard*, 2014 WL 4545628 at *2 (E.D. Mich. 2014, J. Edmunds).

In *FHC Equities*, the Sixth Circuit noted that the panel in *Lewis* "was careful to rule that the mistake" at issue in that case "was 'attributable to either the Clerk's Office or the postal service'" and that the appellant's "attorney had diligently attempted to comply with the rules." *FHC Equities*, 188 F.3d at 684. The Sixth Circuit further explained that other courts have "roundly disagreed" with *Lewis* and noted that the "that the [*Lewis*] panel did not address Fed. R. App. P. 4(a)(6), which governs the district court's discretion to extend the time for appeals." *Id.*

Thus, subsequent Sixth Circuit decisions reflect that a district court lacks the authority to grant the relief Plaintiff seeks here:

> While our decision in *Lewis v. Alexander* may appear to support the district court's handling of the Rule 60(b) motion, *Lewis* failed to apply Federal Rule of Appellate Procedure 4(a)(6), which expressly "governs the district court's discretion to extend the time for appeals when parties fail to find out about final judgments[.]" *FHC Equities, L.L.C. v. MBL Life Assur. Corp.*, 188 F.3d 678, 684 (6th Cir.1999). Because *Brown* failed to file a Rule 4(a)(6) motion within the time period provided by that rule, the district court could not grant Brown relief under Rule 60(b). *See Bowles v. Russell*, 432 F.3d 668, 676 (6th Cir.2005) *aff'd*, 551 U.S. 205 (2007).

*United States v. Brown*, 2011 WL 3555630 at *1 (6th Cir. 2011).

Accordingly, like the district court in *Martin*, this Court declines to follow *Lewis* because it appears that this Court lacks the authority to reissue its judgment under Rule 60(b)(1) in order to allow Plaintiff to circumvent Rule 4's time limits for filing a notice of appeal. *Martin, supra*, at *2.

Moreover, even if *Lewis* provided this Court with the discretion to grant the pending

motion, this Court would decline to do so under the facts and circumstances presented in this particular case. *Lewis* presented a situation wherein the mistake was attributable to the Clerk's Office or the postal service – not the plaintiff or his counsel, and where the attorney diligently attempted to comply with the rules. Thus, the facts in *Lewis* can be easily distinguished from the case at bar.

This Court concludes that a claim of attorney error, like the one that is alleged here, does not warrant the relief that Plaintiff seeks under Fed. R. Civ. P. 60(b)(1). *McCurry ex rel Turner v. Adventist Health Sys./Sunbelt,* Inc., 298 F.3d 686, 593-94 (6th Cir. 2002). This Court concludes that if an attorney's mistake like the one alleged here is sufficient to constitute a "mistake" justifying the setting aside of a judgment under Rule 60(b) and permitting "a second bite at the appeal apple," the requirements and limitations of the federal rules of civil and appellate procedure would be rendered meaningless. *FHC Equities*, 188 F.3d at 687.

## CONCLUSION & ORDER

For the reasons set forth above, IT IS ORDERED that Plaintiff's Motion For Relief From Judgment (ECF No. 216) is DENIED.

IT IS SO ORDERED.

                                                           s/Sean F. Cox  
                                                           Sean F. Cox  
                                                           United States District Judge

Dated: April 10, 2024

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 10, 2024, by electronic and/or ordinary mail.

                                                           s/Jennifer McCoy  
                                                           Case Manager